IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA COOMBS, | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 12-4651 |
| TARGET CORPORATION, | |
| Defendant. | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                 **FEBRUARY 25, 2013**

      Presently before the Court is Defendant, Target Corporation's, Partial Motion to Dismiss Plaintiff's Complaint, and the Response in Opposition filed by Plaintiff, Barbara Coombs. For the reasons stated below, the Motion will be granted.

**I.    BACKGROUND**

      On August 16, 2012, Plaintiff, who is an African-American female, filed a Complaint under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), against Defendant alleging that she was subjected to a hostile work environment based on her race. In 1985, Plaintiff was hired by Defendant. (Compl. ¶ 11.) Plaintiff alleges that from approximately 2005 until 2009 she worked at the Target store located at 857 Baltimore Pike, Springfield, Pennsylvania. (Id. ¶ 12.) Plaintiff alleges that she reported to Mickey Tiney, one of Defendant's supervisory employees, and that Ms. Tiney treated her differently and less fairly than white employees. (Id. ¶ 16.) Plaintiff further claims that she complained through Target's Human Resources Hotline that Ms. Tiney was harassing her based on her race. (Id. ¶ 19.) Ms. Tiney was

informed by Target's Human Resources Department that Plaintiff made a complaint against her. (Id. ¶ 20.) Ms. Tiney informed Plaintiff that she was the first person to ever complain about her to the Target Human Resources Hotline. (Id. ¶ 21.) Based upon her race, and in retaliation, Plaintiff alleges that Ms. Tiney harassed her and decreased her working hours to twenty hours per week. (Id. ¶¶ 22-27.) Plaintiff alleges that "[t]he varied and sundry harassment became so pervasive that [she] asked to be transferred to the Defendant's 1200 [Baltimore Pike, Springfield, Pennsylvania] Store in 2009." (Id. ¶ 28.)

According to Plaintiff, the 1200 Baltimore Pike Target Store was managed by another person and her time there was "uneventful." (Id. ¶ 29.) Also, in 2009, Ms. Tiney was transferred to Texas for a brief period, but returned to work as the manager of the 1200 Baltimore Pike Target Store in June 2011. (Id. ¶ 30.) Plaintiff alleges that "[a]s soon as Ms. Tiney became manager . . . and saw that Plaintiff worked there, Ms. Tiney again began harassing the Plaintiff." (Id. ¶ 31.) Plaintiff alleges that Ms. Tiney's harassment culminated in the termination of Plaintiff's employment. (Id. ¶¶ 31-34.)

On July 12, 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that she was subjected to race discrimination and retaliation based on her race. (Id. ¶ 9.) In the instant Complaint, Plaintiff sets forth allegations of race discrimination and harassment under Title VII that occurred outside the statutory time period, or more than 300 days prior to the filing of the EEOC Charge of Discrimination on July 12, 2011 (i.e., September 15, 2010). Defendant argues that such allegations should be dismissed as untimely under Title VII. (Def.'s Mem. Law Support Partial Mot. to Dismiss at 1.) Plaintiff asserts that all of her claims are timely under Title VII arguing that "[a]lthough there was a brief

2

hiatus in the harassment leveled against Plaintiff, what is described in Plaintiff's Complaint is an ongoing and continuous pattern of harassment, briefly interrupted, but resumed, and not a series of discrete events." (Pl.'s Opp'n Def.'s Partial Mot. to Dismiss at 7-8.) We agree with Defendant that Plaintiff's claims prior to September 15, 2010, are untimely under Title VII. Consequently, Defendant's Partial Motion to Dismiss Plaintiff's Complaint based upon Federal Rule of Civil Procedure 12(b)(6) is granted.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted. Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Phila., No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)). In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff. Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly and further defined in Iqbal a two-part test to determine whether to grant or deny a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The United States Court of Appeals for the Third Circuit has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint. Wilson v. City of Phila., 415 Fed. App'x 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded

3

factual allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations. Iqbal, 556 U.S. at 679. These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Where there are well-pleaded facts, courts must assume their truthfulness. Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief. Id. at 679. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. 544 at 570). This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 Fed. App'x 670, 673 (3d Cir. 2010).

## III. DISCUSSION

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "To bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice." Mandel v. M & Q Packaging Corp., No. 11-3193, 2013 WL 141890, at *5 (3d Cir. Jan. 14, 2013) (citing 42 U.S .C. § 2000e–5(e)(1)). "'[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.'" Id. (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)). "A discrete act in itself constitutes a separate actionable unlawful employment practice." Id. (citing Morgan, 536 U.S. at 114). Examples of discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire." Id. (citing Morgan, 536 U.S. at 114).

"Under the continuing violation doctrine, discriminatory acts that are not individually actionable may be aggregated to make out a hostile work environment claim; such acts 'can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period.'" Id. (quoting O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006)). "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice' and cannot be said to occur on any particular day." Id. (quoting Morgan, 536 U.S. at 115–17) (quotation marks omitted). In order to allege a continuing violation, "the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the

5

applicable limitations period." Id. (citing Morgan, 536 U.S. at 122; West v. Phila. Elec. Co., 45 F.3d 744, 754–55 (3d Cir. 1995) (explaining plaintiff must show that at least one act occurred within the filing period and that the harassment is "more than the occurrence of isolated or sporadic acts of intentional discrimination")).

In this case, the retrospective limitations period that would ordinarily bar claims for earlier events began to run on approximately September 15, 2010 (i.e., 300 days before the EEOC filing date of July 12, 2011.).[1] Absent a continuing violation claim, any discriminatory acts that are alleged to have occurred outside of the appropriate time frame are time-barred and will not be considered. Defendant contends that many of Plaintiff's allegations; namely, the ones purportedly occurring between 2005 and 2009, fall outside of the relevant statute of limitations and the continuing violation doctrine cannot save those claims. We agree.

After 2009, Plaintiff does not allege a discriminatory act until June 2011, which is nearly a two-year break between allegations of discrimination. (Compl. ¶¶ 28-31.) Such a break in time destroys the pattern of harassment and does not establish a continuing violation because the prior act or acts are temporarily too attenuated to enable Plaintiff to keep those claims alive. See Hamera v. Cnty. of Berks, 248 Fed. App'x 422, 424 (3d Cir. 2007) (affirming district court's finding that plaintiff failed to pose a genuine issue of material fact under a continuing violation theory by holding that earlier conduct was not actionable due to a four-year break between allegedly discriminatory comments); Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 715 (3d

---

[1] "To bring a claim under Title VII, a plaintiff must file a charge of discrimination with the EEOC and procure a notice of the right to sue." Mandel, 2013 WL 141890, at *3 (citation omitted). Plaintiff filed the Charge of Discrimination with the EEOC on July 12, 2011. (Compl. ¶ 9.) She received a right to sue letter from the EEOC dated July 2, 2012. (Id. ¶ 10; Ex. A.)

6

Cir. 1997) (affirming district court's ruling that a seven-month break between two employment periods precluded plaintiff from claiming a continuing violation reasoning that the "passage of nearly seven months [was] significant" because the "hiatus provided an opportunity for the lingering effects of the prior incidents to dissipate"); Robinson v. Home Depot, Inc., No. 06-935, 2009 WL 2960990, at *13-14 (D.N.J. Sept. 11, 2009) (holding that "[t]he passage of time between any alleged instances of harassment at the Mount Laurel store and alleged incidents of harassment at the Ewing store show that the instances were separate and distinct."); Hodges v. UPMC Presbyterian Shadyside Hosp., No. 05-1310, 2007 WL 654319, at *1 (W.D. Pa. Feb. 27, 2007) (finding alleged harassing acts from two years earlier to be "temporally too far removed to enable [p]laintiff to keep alive her claims"); Sicalides v. Pathmark Stores, Inc., No. 99-3465, 2000 WL760439, at *6 (E.D. Pa. June 12, 2000) (concluding that a three-month break between alleged discriminatory acts precludes the application of a continuing violation theory); Fala v. Perrier Grp. of Am., No 99-3319, 2000 WL 688175, at *11-12 (E.D. Pa. May 25, 2000) (stating that "courts in this circuit have refused to apply a continuing violation theory . . . in cases involving prolonged periods during which no harassment occurred" and concluding that a ten-month period between the last timely act of alleged discrimination and the first untimely act precluded the plaintiff from showing a continuing violation); Bishop v. Nat'l R.R. Passenger Corp., 66 F. Supp. 2d 650, 662 (E.D. Pa. 1999) ("The seventeen month period when Mr. Platt and Ms. Morris had no contact is too great for her claim to cover any acts occurring before that period."); Lesko v. Clark Publisher Servs., 904 F. Supp. 415, 420 (M.D. Pa. 1995) (finding that a two-year break between the first and second alleged discriminatory acts indicated that they were separate and distinct).

Without pointing to any case law directly on point, Plaintiff, who acknowledges that there was a "brief hiatus" in harassment of approximately two years, argues that the Complaint alleges an ongoing and continuous pattern of harassment that was briefly interrupted, but resumed, and was not a series of discrete events. (Pl.'s Opp'n Def.'s Partial Mot. to Dismiss at 7-8.) In light of the fact that there was a nearly two-year period in which Plaintiff admits that no alleged discriminatory incidents occurred, we conclude that Plaintiff does not establish a continuing violation theory prior to the pertinent September 15, 2010 date. Accordingly, we find that Defendant is entitled to dismissal of Plaintiff's hostile work environment claims alleged to have occurred prior to September 15, 2010.

An appropriate Order follows.